■ GWENDOLINE MYERS, Appellant, v SAMUEL SLUTSKY, Defendant, and GERALDINE FOSTER, Respondent.—In a negligence action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Shaw, J.), dated May 5, 1987, which granted the defendant Foster's motion pursuant to CPLR 3215 (c) to dismiss the complaint insofar as it is asserted against her.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

CPLR 3215 (c) provides that if the plaintiff "fails to take proceedings for the entry of judgment within one year after [a] default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed. A motion by the defendant under this subdivision does not constitute an appearance in the action".

The plaintiff commenced this action by the service of a summons and complaint upon the defendant Foster on March 3, 1983. On or about August 23, 1985, the defendant Foster interposed an answer generally denying the allegations set forth in the complaint, asserting several affirmative defenses, and setting forth a cross claim for contribution and/or indemnification against the codefendant Slutsky. Simultaneously therewith, the defendant Foster demanded the production of various documents, a bill of particulars, and oral depositions. A bill of particulars was served shortly thereafter. Apparently

nothing further has been done in the case since that time. By notice of motion dated February 17, 1987, the defendant Foster moved to dismiss the complaint insofar as it is asserted against her under CPLR 3215 (c), which motion was granted in the order appealed from.

It is the plaintiff's contention that the defendant's belated service of an answer, along with discovery demands, constituted a waiver of the defendant Foster's right to seek dismissal of the complaint pursuant to CPLR 3215 (c). We agree.

The defendant Foster's appearance, answer and discovery demands, acted as a waiver of any rights she may have had to a dismissal of the complaint pursuant to CPLR 3215 (c). The last sentence of that section specifically provides that a motion by a defendant to dismiss would not be considered an appearance. The clear implication of that language is that the reverse is generally true, namely, that the filing of a notice of appearance and answer would generally be an appearance in the action and therefore make the provisions of CPLR 3215 (c) inapplicable to a default in appearing and answering.

The mere fact that the legislative intent underlying CPLR 3215 (c) was to prevent the plaintiffs from unreasonably delaying the determination of an action, does not foreclose the possibility that a defendant may waive the right to seek a dismissal pursuant to the section by his or her conduct. CPLR 3215 (c) prevents a plaintiff from taking advantage of a defendant's default where the plaintiff has also been guilty of inaction. The service of an answer and demand by a defendant, without taking advantage of the provisions of CPLR 3215 (c), constitutes a waiver of the benefits of that section, just as a plaintiff's acceptance of an answer constitutes a waiver of a defendant's default.

While it is true that the section contains the word "shall", it should be noted that the use of the word "shall" is not a final and conclusive test of the intent of the Legislature. The fact that a statute is framed in mandatory words such as "shall" or "must" is of slight, if any, importance on the question (McKinney's Cons Laws of NY, Book 1, Statutes § 177, at 344).

The same mandatory language is used in CPLR 3404, formerly Rules of Civil Practice § 302, pertaining to the dismissal of cases as abandoned after having been marked off the calendar for over a year. The Court of Appeals in *Marco v Sachs* (10 NY2d 542, *rearg denied* 11 NY2d 798), noted that a defendant who participated in additional proceedings after an

action was dismissed under former Rules of Civil Practice § 302 waived whatever benefits might have been claimed from the application of the rule. Further, the fact that the defendant Foster's insurance carrier had sought to initiate settlement negotiations also dispels any belief that this case was inactive (see, *Tactuk v Freiberg,* 24 AD2d 503).

Previous cases dismissing a plaintiff's complaint are not contrary to our determination herein. A review of prior case law indicates that ordinarily CPLR 3215 (c) is utilized in actions where the defendant has not served an answer or taken any other steps which may be viewed as a formal or informal appearance (see, e.g., *Perricone v City of New York,* 62 NY2d 661; *Winkelman v H & S Beer & Soda Discounts,* 91 AD2d 660; *Shepard v St. Agnes Hosp.,* 86 AD2d 628; *Valentin v Rinder,* 65 AD2d 716). Lawrence, J. P., Eiber, Harwood and Balletta, JJ., concur.