■ EDWARD RENDELMAN et al., Respondents, v SOUTHSIDE HOSPITAL et al., Defendants, and MATTHEW HIGGINS, Appellant.—In an action, *inter alia,* to recover damages for medical malpractice, the defendant Matthew Higgins appeals, as limited by his brief, (1) from so much of an order of the Supreme Court, Suffolk County (Orgera, J.), dated March 30, 1987, as denied his motion pursuant to CPLR 3215 (c) to dismiss the complaint as against him as abandoned, and (2) from so much of an order of the same court entered September 11, 1987, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated March 30, 1987 is dismissed, as that order was superseded by the order entered September 11, 1987, made upon reargument; and it is further,

Ordered that the order entered September 11, 1987 is reversed insofar as appealed from, so much of the order dated March 30, 1987, as denied Higgins' motion pursuant to CPLR 3215 (c) to dismiss the complaint as against him as abandoned is vacated, and the action against Higgins is severed and dismissed; and it is further,

Ordered that the appellant is awarded one bill of costs.

We note, initially, that although the Supreme Court, in both its original order and the order made upon the granting of reargument directed a hearing, this hearing was not one designed "to aid in the disposition of [Higgins'] motion" *(cf., Bagdy v Progresso Foods Corp.,* 86 AD2d 589, 590). Higgins' motion to dismiss the complaint was denied by the Supreme Court and this aspect of the order is appealable as of right *(see,* CPLR 5701 [a] [2] [v]), irrespective of the fact that the Supreme Court, for reasons which are far from clear, also directed a hearing.

Turning to the merits, we conclude that the court improvidently exercised its discretion, if it did not actually err as a matter of law, in denying Higgins' motion to dismiss the

plaintiffs' complaint as against him. The summons and complaint were, according to the plaintiffs, served on Higgins personally on July 8, 1985. Higgins failed to appear or answer. More than a year elapsed after the occurrence of Higgins' default in appearing, so that the action became subject to dismissal pursuant to CPLR 3215 (c) *(see, Perricone v City of New York,* 62 NY2d 661).

In order to avoid a dismissal on this basis, it was necessary for the plaintiffs to demonstrate (1) an excuse for their failure to apply for a default judgment for over a year, and (2) the existence of a meritorious cause of action *(see, e.g., DiCarlo v Bravo Tours,* 129 AD2d 552; *Taylor v Edison Parking Corp.,* 128 AD2d 605; *Monzon v Sony Motor,* 115 AD2d 714). The plaintiffs failed to establish either. We note that the verified complaint contains only conclusory allegations of negligence, so that it does not constitute a valid affidavit of merits *(Oversby v Linde Div.,* 121 AD2d 373, 374; *Luksic v Killmer,* 100 AD2d 864). Further, the purported excuse is not satisfactory.

We therefore conclude that Higgins' motion pursuant to CPLR 3215 (c) should have been granted and that the action against Higgins should have been severed and dismissed. Bracken, J. P., Brown, Lawrence and Spatt, JJ., concur.