(May 22, 1989)

■ CHARLES DiMARTINO, Respondent, v NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE et al., Appellants.—In an action, *inter alia,* for a judgment declaring the rights and responsibilities of the plaintiff with respect to certain taxes, the defendants appeal from an order and judgment (one paper) of the Supreme Court, Suffolk County (Fierro, J.), dated July 30, 1987, which, *inter alia,* granted the plaintiff's motion for leave to enter a default judgment, dismissed the defendants' answer and declared that the plaintiff was not a person required to collect the subject taxes under Tax Law articles 28 and 29.

Ordered that the order and judgment is reversed, without costs or disbursements, the plaintiff's motion for leave to enter a default judgment is denied and the defendants' time to serve

an answer is extended until 20 days after service upon them of a copy of this decision and order, with notice of entry.

The plaintiff commenced this action in 1984 to contest a determination by the defendant Tax Commission that he was personally liable, as an officer of BHDN Restaurant, Inc., for certain taxes allegedly owed by that corporation. The Tax Commission assessed the taxes against him under Tax Law articles 28 and 29 as a "person required to collect any tax imposed by this article" (Tax Law § 1133 [a]; see, § 1131 [1]) and issued warrants which enabled tax agents to seize his property or garnishee his wages in order to collect the taxes.

The court denied the defendants' motion to dismiss the complaint and issued a preliminary injunction in October 1984 preventing the defendants from collecting the taxes pending the determination of the action. The defendants failed to serve an answer. In March 1987 the plaintiff moved for leave to enter a default judgment. In response, the defendants sought dismissal of the complaint under CPLR 3215 (c) or, in the alternative, permission to serve an answer. The court granted the plaintiff's motion after concluding that the defendants failed to establish grounds for vacatur of their default in answering.

The defendants contend that entry of a default judgment was improper under CPLR 3215 (c) since the plaintiff had failed to move for entry of a judgment within one year of the defendants' default in answering (see, Perricone v City of New York, 62 NY2d 661). The complaint was subject to dismissal as abandoned unless the plaintiff could establish a sufficient excuse for the delay and that his action had merit (see, Rendelman v Southside Hosp., 141 AD2d 521; Taylor v Edison Parking Corp., 128 AD2d 605). While we agree that the plaintiff's excuse for the delay is not persuasive, the drastic remedy of dismissal of the complaint is inappropriate under the circumstances presented here (cf., Myers v Slutsky, 139 AD2d 709).

The plaintiff clearly did not intend to abandon the action, since, without the protection afforded him by the preliminary injunction, the defendants could seize his property and garnishee his wages. The defendants initially appeared in the action and indicated their intent to defend the action by bringing a motion to dismiss (cf., Myers v Slutsky, 139 AD2d 709, supra). The record establishes that the plaintiff's cause of action and the defendants' proposed defenses have merit and that whether the plaintiff should be considered a person

required to collect the subject taxes under Tax Law § 1131 (1) is an issue of fact *(see, Matter of Cohen v State Tax Commn.,* 128 AD2d 1022). We conclude that the interest of the parties will be better served by permitting this action to be determined on the merits. Lawrence, J. P., Kunzeman, Rubin and Kooper, JJ., concur.