■ MELISSA SCHIFF, Respondent, v MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION et al., Appellants.—Order of the Supreme Court, New York County (Burton Sherman, J.), entered on or about July 15, 1988, which, *inter alia,* denied Motor Vehicle Accident Indemnification Corporation's (MVAIC) motion to dismiss this action as being abandoned pursuant to CPLR 3215 (c), unanimously affirmed, without costs.

Plaintiff commenced this personal injury action against defendant motorists who were later discovered to be uninsured. One year after defendants' failure to appear or answer, the action became subject to dismissal pursuant to CPLR 3215 (c) *(Rendelman v Southside Hosp.,* 141 AD2d 521). Plaintiff, however, provided a valid affidavit of merits and a sufficient excuse for her failure to apply for a default judgment for over a year in that, prior to the expiration of the statutory period, there existed confusion over whether defendants were insured

by one or two companies. Subsequently, plaintiff's counsel engaged in settlement negotiations with MVAIC's claims examiner, commencing before and continuing after the expiration of the one-year statutory period. Consequently, the three-year delay in seeking a default judgment was properly deemed excusable. Concur—Milonas, P. J., Rosenberger, Ellerin and Rubin, JJ.