■ FRANK E. CUTRONE, Respondent, v GENERAL MOTORS CORPORATION et al., Defendants, and DONALD DONZELLI, Appellant. (And Related Actions.)—In an action to recover damages for personal injuries, the defendant Donzelli appeals (1) from an order of the Supreme Court, Nassau County (McCabe, J.), dated November 14, 1988, which directed his insurance carrier to file an answer on his behalf to the plaintiff's complaint, and (2) from so much of an order of the same court, dated December 8, 1988, as denied his motion pursuant to CPLR 3215 (c) to dismiss the complaint.

Ordered that the orders are affirmed, with one bill of costs.

Contrary to the appellant's contentions, the Supreme Court properly enforced a series of oral agreements evidenced by written stipulations through which the appellant's insurance carrier represented to the plaintiff's counsel that an answer would be served on behalf of the defendant Donald Donzelli. Although the plaintiff failed to take proceedings for entry of judgment within one year of the defendant Donzelli's default (see, CPLR 3215 [c]), the record substantiates the plaintiff's undisputed assertion that the defendant Donzelli's insurance carrier repeatedly represented that it would file an answer on his behalf waiving jurisdictional defenses. It is also undisputed that, in reliance upon the foregoing representations, the plaintiff refrained from serving new process upon the defendant Donzelli prior to the expiration of the applicable limitations period (see, 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 3215.15). As we have previously observed, "[t]he mere fact that the legislative intent underlying CPLR 3215 (c) was to prevent the plaintiffs from unreasonably delaying the determination of an action, does not foreclose the possibility that a defendant may waive the right to seek a dismissal pursuant to the section by his or her conduct" (Myers v Slutsky, 139 AD2d 709, 710). Under the circumstances, the court correctly determined that the right to dismissal under CPLR 3215 (c) had been affirmatively waived, and directed the defendant Donzelli to file an

answer in accord with the agreement which had previously been reached by the parties. Thompson, J. P., Lawrence, Kunzeman and Harwood, JJ., concur.