■ SIDNEY SUTTER, Respondent, v GEORGE D. ROSENBAUM, Appellant.—In an action to recover damages for intentional fraud and legal malpractice, the defendant appeals from so much of an order of the Supreme Court, Nassau County (McCabe, J.), dated April 25, 1989, as denied his motion pursuant to CPLR 3215 (c) to dismiss the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced the instant action by the service of a summons on or about December 12, 1986. Following the filing of a notice of appearance on or about February 24, 1987, the plaintiff served a complaint on or about March 16, 1987, together with a letter stating that "we will extend your time to answer until [the plaintiff's] position on this action becomes clear. I anticipate discussing this with him in the next week or so". During the ensuing 1½ years, defense counsel tele-

phoned the plaintiff's attorney on several occasions inquiring as to the status of the litigation. The last telephone call occurred in August 1988 when the plaintiff's attorney informed him that the litigation would be proceeding forward. However, after several months of further inactivity, defense counsel moved in March 1989 to dismiss the complaint as abandoned under CPLR 3215 (c). The plaintiff cross-moved for leave to enter a default judgment. The Supreme Court denied the motion and cross motion and granted the defendant an extension of time within which to serve and file an answer.

The defendant argues that since the plaintiff failed to seek a default judgment within one year after he had failed to answer, he is entitled to dismissal of the action pursuant to CPLR 3215 (c). Although dismissal of the complaint is the general rule in such cases, this court has held that the statutory provisions of CPLR 3215 (c) may be waived by a defendant's conduct (see, DiMartino v New York State Dept. of Taxation & Fin., 150 AD2d 633; Myers v Slutsky, 139 AD2d 709). A review of the record in this case leads us to the conclusion that such a waiver occurred here and that the defendant was not entitled to dismissal of the action under CPLR 3215 (c). The record also supports the Supreme Court's conclusion that the plaintiff was not entitled to the entry of a default judgment. Lawrence, J. P., Kooper, Harwood and Balletta, JJ., concur.