■ HAROLD GILDSTON et al., Respondents, v TRAVELERS INSURANCE COMPANY, Appellant.—In an action to recover the

proceeds of a homeowner's insurance policy, the defendant appeals from an order of the Supreme Court, Nassau County (Kutner, J.), entered April 25, 1989, which granted the plaintiffs' motion for reargument of the defendant's motion pursuant to CPLR 3215 (c) to dismiss the complaint, and, upon reargument, vacated its prior order dated March 15, 1989, granting the defendant's motion.

Ordered that the order entered April 25, 1989, is reversed, on the law, with costs, the plaintiffs' motion is denied, and the order dated March 15, 1989, is reinstated.

The facts underlying the defendant's previous motion pursuant to CPLR 3012 (b) to dismiss this action for untimely service of a complaint are set forth in our prior decision in this case, wherein we remitted the matter to the Supreme Court, Nassau County, for a hearing to determine whether the plaintiffs' original complaint, dated April 14, 1983, was timely served (see, Gildston v Travelers Ins. Co., 133 AD2d 261). At the conclusion of the hearing, the Supreme Court found that the 1983 complaint had been timely served by mail and denied the defendant's motion. The defendant then moved pursuant to CPLR 3215 (c) to dismiss the complaint based on the plaintiffs' failure to seek entry of a judgment within one year after the defendant's default in answering the 1983 complaint. The Supreme Court initially granted the motion, noting that the plaintiffs had not demonstrated a reasonable excuse for their failure to seek leave to enter a default judgment and had not submitted an affidavit of merit. The plaintiffs then sought reargument, contending that the defendant had waived any right to seek dismissal under CPLR 3215 (c) by its service of an answer and amended answer and certain discovery demands in 1985. The Supreme Court granted the motion, and, upon reargument, vacated the prior determination and denied the defendant's motion to dismiss.

We find persuasive the defendant's claim that its conduct in the case did not constitute a waiver of the right to seek dismissal under CPLR 3215 (c). While the service of an answer may constitute sufficient voluntary participation in the action to preclude a motion pursuant to CPLR 3215 (c) (see, Myers v Slutsky, 139 AD2d 709), the defendant's service of an answer and discovery demands in this case was compelled by court order and thus cannot be deemed a waiver of its right to seek dismissal under the statute. Similarly, the defendant's service of a notice of appearance did not constitute such a waiver, nor can a waiver be implied from its conducting examinations under oath, as those examinations were performed pursuant

to the terms of the insurance policy and not under the discovery provisions of the CPLR. This case presents an unusual set of facts. It appears that the defendant was unaware that it had been served with the original complaint in 1983, until the fact that the complaint had been mailed to it was established at a hearing held in 1988. The defendant's motion to dismiss pursuant to CPLR 3215 (c) was made promptly thereafter. Therefore, the defendant cannot be charged with dilatory conduct or laches.

Further, the question of the sufficiency of the plaintiffs' motion papers, both in opposition to the defendant's motion to dismiss pursuant to CPLR 3215 (c) and in support of their own motion for reargument, has been adequately preserved for our review. Indeed, in his affirmation in opposition to the defendant's motion to dismiss, the plaintiffs' counsel proffered an excuse for the failure of the plaintiffs to seek entry of a default judgment, and the Supreme Court discussed the issue in its initial determination of that motion. Inasmuch as the issue was litigated and determined before the Supreme Court, Nassau County, it is clearly subject to review on this appeal.

Turning to the merits, we note that in order to prevail on a motion to dismiss pursuant to CPLR 3215 (c), a plaintiff is required to provide a reasonable excuse for his delay in seeking entry of a judgment and an affidavit of merit *(see, Rendelman v Southside Hosp.,* 141 AD2d 521; *Taylor v Edison Parking Corp.,* 128 AD2d 605; *see also, Perricone v City of New York,* 62 NY2d 661). The papers submitted by the plaintiffs in this case failed to meet these requirements. While the plaintiffs demonstrated that the defendant had conducted examinations under oath between July and September 1983 pursuant to the terms of the homeowner's policy, these examinations did not prevent the plaintiffs from seeking entry of a default judgment. Similarly, no reasonable excuse was offered for the failure to seek entry of judgment during the lengthy period following the conclusion of these examinations.

Moreover, the plaintiffs' motion papers contained no reference to the merits of the action. While a verified complaint may be considered the equivalent of an affidavit of merit *(see, Gibson v D'Avanzo,* 99 AD2d 766), the original complaint in this case was not verified, and, in any case, neither of the two complaints served by the plaintiffs contained adequate specific allegations of evidentiary facts to permit its substitution for an affidavit of merit *(see, e.g., Oversby v Linde Div.,* 121 AD2d 373). Lawrence, J. P., Sullivan, Rosenblatt and Miller, JJ., concur.