■ ARSHAD RAFIQ et al., Respondents, v RONALD WESTON, Appellant, et al., Defendants.—In a negligence action to recover damages for personal injuries and property damage, etc., the defendant Ronald Weston appeals from an order of the Supreme Court, Kings County (Held, J.), dated September 1, 1989, which denied his motion pursuant to CPLR 3215 (c) to dismiss the complaint insofar as it is asserted against him and ordered him to serve an answer on or before September 29, 1989.

Ordered that the order is reversed, on the law, with costs, and the motion is granted.

On or about March 22, 1984, the plaintiffs commenced the instant action by service of a summons and complaint upon the appellant Ronald Weston. By notice of motion dated August 1, 1989, the appellant moved to dismiss the action against him upon the ground that the plaintiffs had failed to enter a default judgment within one year of his default in appearing *(see,* CPLR 3215 [c]).

Since the plaintiffs failed to seek a default judgment within one year, they were required to demonstrate the merits of their cause of action and an excuse for the delay *(see, Manago v Giorlando,* 143 AD2d 646; *Taylor v Edison Parking Corp.,* 128 AD2d 605). Contrary to the appellant's contention, the plaintiffs adequately demonstrated the merits of their cause of action by annexing the verified complaint to their papers in opposition *(see,* CPLR 3215 [e]; *Manago v Giorlando, supra; Grosso v Hauck,* 99 AD2d 750).

However, we find that the excuse proffered by the plaintiffs for their delay was inadequate. The plaintiffs argue that they failed to take proceedings against the appellant within one year after his default since the issue of his insurance coverage remained unresolved. At the earliest, the plaintiffs demonstrated concern with this issue on or about December 13, 1985, when they mailed a letter to the appellant's insurer requesting an appearance and answer. As of that time, the plaintiffs' time to enter a default judgment with the Clerk had already expired. This court has held that, "[a]n excuse which matures after the expiration of the statutory limit for entering a default judgment with the Clerk is legally insufficient to justify a plaintiff's failure to enter the default judgment" *(Monzon v Sony Motor,* 115 AD2d 714, 715).

The plaintiffs also argue that the appellant's belated service of an answer on or about September 29, 1989, constituted a waiver of his right to seek dismissal of the complaint pursuant to CPLR 3215 (c). We disagree. This case is distinguishable from *Myers v Slutsky* (139 AD2d 709), relied on by the plaintiffs. In *Myers,* unlike the case at bar, the defendant moved for dismissal of the complaint after he had belatedly served his answering papers. The appellant herein, who served his answer only after the instant motion was denied, and pursuant to the court's order, did not waive his rights pursuant to CPLR 3215 (c). Kooper, J. P., Lawrence, Harwood and Balletta, JJ., concur.