■ NELLIE BLADES, Individually and as Administratrix of the Estate of JAMES C. BLADES, Deceased, Respondent, v BUTLER CAB CORP. et al., Defendants, SIDHAB TAXI, INC., Defendant and Third-Party Plaintiff. BUTLER TAXI CENTER, INC., Third-Party Defendant-Appellant.—In an action to recover damages for wrongful death, the third-party defendant Butler Taxi Center, Inc. appeals from an order of the Supreme Court, Queens County (Leviss, J.), dated February 21, 1990, which, *inter alia,* granted the plaintiff leave to amend the complaint so as to name Butler Taxi Center, Inc. as a defendant and denied its cross motion to dismiss the complaint as against Butler Taxi Center, Inc. and Butler Cab Corp.

Ordered that the order is reversed, on the law, with costs, the appellant's cross motion to dismiss the complaint as against Butler Taxi Center, Inc. and Butler Cab Corp. is granted, and the plaintiff's motion is denied as moot.

The plaintiff commenced the instant action in February of 1985 against the alleged owners of the taxicab in which the decedent died. One of the alleged owners was an entity known to the plaintiff only as Butler Cab Corp. A few months later, one of the codefendants commenced a third-party action against Butler Taxi Center, Inc. In February of 1986, counsel for Butler Taxi Center, Inc. advised the plaintiff's counsel that there was no such entity as Butler Cab Corp. and that the plaintiff could serve an amended summons and complaint without the need for a motion. In December of 1989, the plaintiff moved to amend the summons and complaint to substitute Butler Taxi Center, Inc. as the defendant in the place of Butler Cab Corp. and requested a default judgment against Butler Taxi Center, Inc. as no answer to the original complaint had been served. The court granted leave to amend, denied the request for a default judgment and denied the cross motion by Butler Taxi Center, Inc. to dismiss the complaint as abandoned under CPLR 3215 (c).

The court erred in failing to dismiss the complaint pursuant to CPLR 3215 (c). That statute provides that a complaint will be dismissed as abandoned unless the plaintiff can show sufficient cause for the failure to seek a default judgment within one year after the default. A plaintiff must also show that she has a meritorious cause of action in order to avoid dismissal (see, *Cousins v Grant*, 166 AD2d 494; *Demery v City of New York*, 149 AD2d 405; *Rendelman v Southside Hosp.*, 141 AD2d 521). In the instant case, the plaintiff failed to provide an explanation for the four and one-half year delay in seeking a default judgment and failed to provide an affidavit of merits. Accordingly, the complaint must be dismissed as against the entity sued as Butler Cab Corp., the true name of which is Butler Taxi Center, Inc. (see, CPLR 3215 [c]).

In light of our determination, the plaintiff's motion to amend the complaint is denied as moot. Harwood, J. P., Lawrence, Eiber and Balletta, JJ., concur.