■ CAROL WILSON, Individually and as Administratrix of the Estate of GRACE COOK, Deceased, Appellant, v MASSAPEQUA GENERAL HOSPITAL et al., Defendants, and SOUTH SHORE DIAGNOSTIC CENTER, P. C., Respondent.—In an action to recover damages for medical malpractice, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Robbins, J.), dated March 1, 1990, which granted the motion of the defendant South Shore Diagnostic Center, P. C., to dismiss the complaint insofar as asserted against it pursuant to CPLR 3215 (c), and (2) a judgment of the same court, entered April 10, 1990, upon the order.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

Since the plaintiff failed to initiate proceedings for the entry of a default judgment within one year after the default of the defendant South Shore Diagnostic Center, P. C. (hereinafter South Shore), the Supreme Court properly dismissed her complaint pursuant to CPLR 3215 (c) as to this defendant (see, Rafiq v Weston, 171 AD2d 783; Vierya v Briggs & Stratton Corp., 166 AD2d 645, 646-647; Cousins v Grant, 166 AD2d 494, 495; Manago v Giorlando, 143 AD2d 646; cf., Myers v Slutsky, 139 AD2d 709). Moreover, the record fails to support the plaintiff's contentions that South Shore waived its right to seek dismissal of the complaint under CPLR 3215 (c) or that South Shore, or any other party, misled or dissuaded the plaintiff from entering a default judgment within the statutorily prescribed period (Rafiq v Weston, supra; Myers v Slutsky, supra; cf., Cutrone v General Motors Corp., 157 AD2d 648, 649). Bracken, J. P., O'Brien, Ritter and Copertino, JJ., concur.