■ THERESA SCRIMENTI, Appellant, v DRY HARBOR NURSING HOME et al., Respondents. [823 NYS2d 516]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Kitzes, J.), dated June 23, 2005, as granted the defendants' motion to dismiss the complaint pursuant to CPLR 3215 (c) as abandoned.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff failed to seek entry of a default judgment within one year following the defendants' default in answering the complaint. Thus, the complaint was subject to dismissal unless the plaintiff could establish a reasonable excuse for the delay and the existence of a meritorious cause of action (*see McGovern v O'Connor*, 256 AD2d 501 [1998]; *Blades v Butler Cab Corp.*, 176 AD2d 698, 699 [1991]; *Rendelman v Southside Hosp.*, 141 AD2d 521, 522 [1988]). The plaintiff failed to provide a reasonable excuse for the more than six-year delay in seeking to enter a default judgment (*see Perricone v City of New York*, 62 NY2d 661, 663 [1984]; *Wilson v Massapequa Gen. Hosp.*, 180 AD2d 791 [1992]; *Rafiq v Weston*, 171 AD2d 783, 784 [1991]; *Monzon v Sony Motor*, 115 AD2d 714 [1985]). Accordingly, the Supreme Court providently exercised its discretion in granting the defendants' motion to dismiss the complaint pursuant to CPLR 3215 (c) as abandoned. Schmidt, J.P., Ritter, Mastro, Fisher and Dillon, JJ., concur.