■ PETER NG et al., Respondents, v OSCAR NENG et al., Appellants. [947 NYS2d 886]

The Supreme Court providently exercised its discretion when it denied the defendants' application, made at the commencement of the trial, in effect, to dismiss the complaint pursuant to CPLR 3215 (c) (*see Gilmore v Gilmore*, 286 AD2d 416, 416 [2001]; *Sutter v Rosenbaum*, 166 AD2d 644, 645 [1990]; *Ambers v C.T. Indus.*, 161 AD2d 256, 256-257 [1990]; *Cutrone v General Motors Corp.*, 157 AD2d 648, 648-649 [1990]; *DiMartino v New York State Dept. of Taxation & Fin.*, 150 AD2d 633, 634-635 [1989]; *Myers v Slutsky*, 139 AD2d 709, 710 [1988]; *cf. Jones v Corley*, 35 AD3d 381, 382 [2006]; *Wilson v Massapequa Gen. Hosp.*, 180 AD2d 791, 791 [1992]).

The defendants' contention that the complaint should be dismissed on legal sufficiency grounds since the plaintiffs failed to demonstrate the existence of damages is unpreserved for ap-

pellate review, as the defendants did not move to dismiss the complaint on that ground (*see Blinds to Go [U.S.], Inc. v Times Plaza Dev., L.P.*, 88 AD3d 838, 839 [2011]). Furthermore, upon review of a determination rendered after a nonjury trial, this Court's authority "is as broad as that of the trial court," and this Court may "render the judgment it finds warranted by the facts, taking into account in a close case the fact that the trial judge had the advantage of seeing the witnesses" (*Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983] [internal quotation marks omitted]). We discern no reason to disturb the Supreme Court's award of damages to the plaintiff in the principal sum of $375,500 (*see Betsy Meyer Assoc., Inc. v Lorber*, 42 AD3d 509, 509 [2007]; *see also Bellizzi v Huntley Estates*, 3 NY2d 112, 115 [1957]; *Ferreira v Saccento*, 286 AD2d 366, 366 [2001]; *Kaufman v Le Curt Constr. Corp.*, 196 AD2d 577, 578 [1993]; Restatement [Second] of Contracts § 348).

We decline the plaintiffs' request for the imposition of sanctions against the defendants in connection with this appeal (*see* 22 NYCRR 130-1.1). Skelos, J.P., Florio, Roman and Miller, JJ., concur.