■ DSM, INC., Appellant, v PAUL REISER EXCAVATING, INC., Respondent. [976 NYS2d 203]—

In an action to recover unpaid rent, the plaintiff appeals from a judgment of the Supreme Court, Orange County (Onofry, J.), entered March 20, 2012, which, upon a decision of the same court, made after a nonjury trial, is in favor of it and against the defendant in the principal sum of only $2,750.

Ordered that the judgment is affirmed, with costs.

To the extent that the plaintiff challenges the legal sufficiency of the evidence to support the Supreme Court's determination as to the defendant's counterclaim, the issue is unpreserved for appellate review, since it failed to move pursuant to CPLR 4401 for judgment as a matter of law at the close of the evidence (*see Miller v Miller*, 68 NY2d 871, 873 [1986]; *Zere Real Estate Servs., Inc. v Parr Gen. Contr. Co., Inc.*, 102 AD3d 770, 772 [2013]).

The plaintiff's contention that the Supreme Court's factual determinations were contrary to the weight of the evidence is without merit. "Although an appellate court's authority in reviewing a nonjury determination is as broad as that of the trial court, due deference is given to the trial court's determination" with respect to issues of credibility, and the Appellate Division must "tak[e] into account that in a close case the trial judge has the advantage of seeing and hearing the witnesses" (*Marinoff v Natty Realty Corp.*, 34 AD3d 765, 767 [2006]; *see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Zere Real Estate Servs., Inc. v Parr Gen. Contr. Co., Inc.*, 102 AD3d at 772). With that limita-

tion in mind, the Appellate Division may render the judgment that is warranted by the facts (*see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d at 499).

Here, the Supreme Court was faced with conflicting testimony as to the parties' agreement, and it chose to credit the evidence indicating that the defendant entered into month-to-month leases with the plaintiff for two successive winters while it was engaged in snow removal. Furthermore, the Supreme Court credited the evidence that demonstrated that the plaintiff owed the defendant $7,775 for work performed by the defendant and that, when this sum is set off against the amount of unpaid rent owed by the defendant to the plaintiff, the plaintiff was entitled to recover the sum of only $2,750. The Supreme Court's determination is warranted by the facts, and there is no basis in the record for disturbing the Supreme Court's factual determinations (*see Zere Real Estate Servs., Inc. v Parr Gen. Contr. Co., Inc.*, 102 AD3d at 772; *Ng v Neng*, 97 AD3d 645, 646 [2012]; *Lelekakis v Kamamis*, 41 AD3d 662, 664 [2007]). Rivera, J.P., Hall, Roman and Miller, JJ., concur.