OneWest Bank, FSB v Lara (2021 NY Slip Op 01265)





OneWest Bank, FSB v Lara


2021 NY Slip Op 01265


Decided on March 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2018-01401
2018-01402
 (Index No. 8243/10)

[*1]OneWest Bank, FSB, respondent, 
v
Victor Lara, etc., appellant, et al., defendants.


Storch Law, P.C., Brooklyn, NY (Zvi A. Storch of counsel), for appellant.
Friedman Vartolo LLP, New York, NY (Oran Schwager of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Victor Lara appeals from two orders of the Supreme Court, Kings County (Noach Dear, J.), both dated November 9, 2017. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant Victor Lara and for an order of reference, and denied those branches of that defendant's cross motion which were pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction and pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned. The second order, insofar as appealed from, granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff.
ORDERED that the orders are affirmed insofar as appealed from, with one bill of costs.
In April 2010, the plaintiff commenced this action against the defendant Victor Lara, among others, to foreclose a mortgage on residential property located in Brooklyn. Lara failed to answer the complaint.
In 2015, the plaintiff and Lara appeared for multiple mandatory mortgage foreclosure settlement conferences. In September 2016, the plaintiff moved, inter alia, for leave to enter a default judgment against Lara and for an order of reference. Lara opposed the motion and cross-moved, inter alia, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction and pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned. The Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for leave to enter a default judgment against Lara and for an order of reference, denied those branches of Lara's cross motion which were pursuant to CPLR 3211(a)(8) and 3215(c) to dismiss the complaint insofar as asserted against him, and appointed a referee to compute the amount due to the plaintiff. Lara appeals.
The Supreme Court properly denied that branch of Lara's cross motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him, since Lara waived any claim that the court lacked personal jurisdiction over him. "[A]n appearance of the [*2]defendant is equivalent to personal service of the summons upon him [or her], unless an objection to jurisdiction under paragraph eight of subdivision (a) of rule 3211 is asserted by motion or in the answer as provided in rule 3211" (CPLR 320[b]). Here, Lara's counsel filed a notice of appearance on or about November 24, 2015, and failed to raise any objection to personal jurisdiction at that time by either a timely motion or by interposing a timely answer (see U.S. Bank N.A. v Adolphe, 170 AD3d 1236, 1237).
The Supreme Court also properly denied that branch of Lara's cross motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned. CPLR 3215(c) provides that "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned . . . unless sufficient cause is shown why the complaint should not be dismissed." However, "[a] defendant may waive the right to seek dismissal pursuant to CPLR 3215(c) by serving an answer or taking 'any other steps which may be viewed as a formal or informal appearance'" (Bank of Am., N.A. v Rice, 155 AD3d 593, 594, quoting Myers v Slutsky, 139 AD2d 709, 711). Here, although the plaintiff failed to move for leave to enter a default judgment within one year of Lara's default in answering the complaint, under the circumstances of this case, the subsequent filing of a notice of appearance by Lara's counsel on or about November 24, 2015, constituted a waiver of his right to seek dismissal of the complaint insofar as asserted against him pursuant to CPLR 3215(c) (see CPLR 320[a]; Bank of Am., N.A. v Rice, 155 AD3d at 594; Myers v Slutsky, 139 AD2d at 710-711).
CHAMBERS, J.P., AUSTIN, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court