OneWest Bank, FSB v Bernstein (2021 NY Slip Op 04363)





OneWest Bank, FSB v Bernstein


2021 NY Slip Op 04363


Decided on July 14, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 14, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2019-09978
 (Index No. 30903/10)

[*1]OneWest Bank, FSB, respondent,
v
Philip B. Bernstein, etc., et al., appellants, et al., defendants.


Jonathan E. Neuman, Fresh Meadows, NY, for appellants.
Stradley Ronon Stevens & Young, LLP, New York, NY (Dustin P. Mansoor of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Philip B. Bernstein and Anita F. Bernstein appeal from an order of the Supreme Court, Queens County (Mojgan Cohanim Lancman, J.), dated March 1, 2019. The order denied those defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
On December 13, 2010, the plaintiff commenced this action against Philip B. Bernstein and Anita F. Bernstein (hereinafter together the defendants), among others, to foreclose a mortgage on certain property in Queens that was given by the defendants' predecessor in interest. By stipulation dated January 15, 2011, the defendants agreed to submit to the jurisdiction of the court, and agreed that they would not submit an answer to the complaint or make a pre-answer motion to dismiss. The plaintiff moved for an order of reference, but in an order dated August 5, 2013, the Supreme Court denied the motion on the ground that the plaintiff was not in possession of the most current note and mortgage at the time of the commencement of the action. The defendants then moved for summary judgment dismissing the complaint, arguing that the fact that the plaintiff lacked standing to commence the action was now law of the case. The court denied the defendants' motion, finding that summary judgment must be denied because issue was never joined. The defendants appeal.
"Any party may move for summary judgment in any action, after issue has been joined" (CPLR 3212[a]). Where, as here, the defendants have not served an answer before moving for summary judgment, issue has not been joined and the defendants are precluded from seeking summary judgment (see JBBNY, LLC v Begum, 156 AD3d 769). The requirement that a motion for summary judgment may not be made before issue is joined (see CPLR 3212[a]), "is strictly adhered to" (City of Rochester v Chiarella, 65 NY2d 92, 101). Therefore, summary judgment was not warranted (see Cremosa Food Co., LLC v Amella, 164 AD3d 1300).
The defendants' contention that the complaint must be dismissed pursuant to CPLR 3215(c) is without merit. A defendant may waive the right to seek dismissal pursuant to CPLR [*2]3215(c) by serving an answer or taking "any other steps which may be viewed as a formal or informal appearance" (Myers v Slutsky, 139 AD2d 709, 711; see De Lourdes Torres v Jones, 26 NY3d 742, 772). Here, the defendants appeared in this action by stipulating to the jurisdiction of the court, and waived all defenses that they might have had, including their right to dismissal upon the plaintiff's failure to timely seek a default judgment under CPLR 3215(c), by stipulating that they would not serve an answer or make a pre-answer motion to dismiss and adhering to those terms (see De Lourdes Torres v Jones, 26 NY3d at 772).
The defendants' remaining contention is not properly before this Court.
MASTRO, J.P., RIVERA, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court