U.S. Bank N.A. v Black (2022 NY Slip Op 05732)

U.S. Bank N.A. v Black

2022 NY Slip Op 05732

Decided on October 12, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.

2019-03863
 (Index No. 2599/17)

[*1]U.S. Bank National Association, etc., respondent,
v
Ancilla Black, appellant, et al., defendants.

Binakis Law, P.C., Woodside, NY (Patrick Binakis of counsel), for appellant.
Gross Polowy, LLC, Williamsville, NY (John Ricciardi of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Ancilla Black appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered January 18, 2019. The order and judgment of foreclosure and sale, upon an order of the same court dated October 18, 2017, inter alia, granting those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant Ancilla Black and for an order of reference, granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject premises.
ORDERED that the order and judgment of foreclosure and sale is affirmed, with costs.
On October 16, 2006, the defendant Ancilla Black (hereinafter the defendant) executed a note in the sum of $300,000 in favor of nonparty Opteum Financial Services, LLC (hereinafter Opteum), which was secured by a mortgage on real property in North Baldwin. In May 2017, the plaintiff, Opteum's successor-in-interest, commenced this action to foreclose the mortgage against, among others, the defendant. In an order dated October 18, 2017, upon the defendant's default in answering the complaint, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant and for an order of reference.
Thereafter, the plaintiff moved to confirm a referee's report and for a judgment of foreclosure and sale. In opposition to the plaintiff's motion, the defendant argued that she was not properly served with the summons and complaint, and that the plaintiff failed to comply with RPAPL 1304. In an order and judgment of foreclosure and sale entered January 18, 2019, the Supreme Court granted the plaintiff's motion, confirmed the referee's report, and directed the sale of the subject property. The defendant appeals.
"The filing of a notice of appearance in an action by a party's counsel serves as a waiver of any objection to personal jurisdiction in the absence of either the service of an answer which raises a jurisdictional objection, or a motion to dismiss pursuant to CPLR 3211(a)(8) for lack of personal jurisdiction" (U.S. Bank N.A. v Pepe, 161 AD3d 811, 812; see U.S. Rof III Legal Tit. [*2]Trust 2015-1 v John, 189 AD3d 1645, 1649). Here, the defendant filed a notice of appearance on August 20, 2018, and did not either file an answer asserting lack of personal jurisdiction or move to dismiss the complaint on that ground. Thus, the defendant waived any defense of lack of personal jurisdiction (see OneWest Bank, FSB v Lara, 192 AD3d 695, 696; U.S. Rof III Legal Tit. Trust 2015-1 v John, 189 AD3d at 1649).
Further, since the defendant never moved to vacate her default, she was precluded from raising nonjurisdictional defenses, including that the plaintiff failed to comply with RPAPL 1304 (see Wilmington Trust, N.A. v Ashe, 189 AD3d 1130, 1132; Deutsche Bank Natl. Trust Co. v Hall, 185 AD3d 1006, 1011).
The parties' remaining contentions either need not be reached in light of our determination, are without merit, or are not properly before this Court.
Accordingly, the Supreme Court properly granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale.
BRATHWAITE NELSON, J.P., RIVERA, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court