Deutsche Bank Trust Co. Ams. v Agostinelli (2024 NY Slip Op 04125)

Deutsche Bank Trust Co. Ams. v Agostinelli

2024 NY Slip Op 04125

Decided on August 7, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 7, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
WILLIAM G. FORD
LOURDES M. VENTURA, JJ.

2023-01450
 (Index No. 135274/15)

[*1]Deutsche Bank Trust Company Americas, etc., appellant, 
v
Harriet Agostinelli, et al., respondents, et al., defendants.

Greenberg Traurig, LLP, New York, NY (Ryan Sirianni of counsel), for appellant.
Vanderpuye Associates, New York, NY (Kwarma Vanderpuye of counsel), for respondents.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Richmond County (Desmond A. Green, J.), dated January 12, 2023. The order granted the cross-motion of the defendants Harriet Agostinelli and Daniel Agostinelli pursuant to CPLR 3215(c) to dismiss the complaint as abandoned and to cancel a notice of pendency and, in effect, denied, as academic, the plaintiff's motion, inter alia, for an order of reference.
ORDERED that the order is reversed, on the law, with costs, the cross-motion of the defendants Harriet Agostinelli and Daniel Agostinelli pursuant to CPLR 3215(c) to dismiss the complaint as abandoned and to cancel the notice of pendency is denied, and the matter is remitted to the Supreme Court, Richmond County, for a determination on the merits of the plaintiff's motion, inter alia, for an order of reference.
On June 28, 2006, the defendant Harriet Agostinelli executed a note in the sum of $468,000 in favor of Homecomings Financial Network, Inc. (hereinafter HFN). The note was secured by a mortgage on certain real property located in Staten Island, which was executed by the defendants Harriet Agostinelli and Daniel Agostinelli (hereinafter together the defendants). The defendants allegedly defaulted on their obligations under the note and mortgage by failing to make the monthly payment due on December 1, 2006, and thereafter. In 2014, HFN assigned the mortgage to the plaintiff, which also became the holder of the note.
In March 2015, the plaintiff commenced this action against the defendants, among others, to foreclose the mortgage. The plaintiff effectuated service upon the defendants the following month, but the defendants failed to timely appear or answer the complaint. Thereafter, the plaintiff agreed to extend the defendants' time to interpose an answer and, in August 2015, they did so. In March 2016, however, the parties executed a stipulation of settlement (hereinafter the stipulation), whereby the defendants withdrew their answer and "waive[d] any and all defenses, claims, or causes of action against [the] [p]laintiff." Pursuant to the stipulation, the defendants also agreed, inter alia, that they were subject to the jurisdiction of the Supreme Court and consented to the issuance of an order of reference, as well as to the issuance of a judgment of foreclosure and sale. More than two years later, the plaintiff moved, among other things, for an order of reference. The defendants [*2]opposed the plaintiff's motion and cross-moved pursuant to CPLR 3215(c) to dismiss the complaint as abandoned and to cancel the notice of pendency. By order dated January 12, 2023, the court granted the defendants' cross-motion and denied, in effect, as academic, the plaintiff's motion. The plaintiff appeals.
"Pursuant to CPLR 3215(c), if the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned unless sufficient cause is shown why the complaint should not be dismissed" (Deutsche Bank Natl. Trust Co. v Attard, 197 AD3d 619, 620 [alterations and internal quotation marks]). "The language of CPLR 3215(c) is not, in the first instance, discretionary, but mandatory, inasmuch as courts 'shall' dismiss claims for which default judgments are not sought within the requisite one-year period, as those claims are then deemed abandoned" (Giglio v NTIMP, Inc., 86 AD3d 301, 307-308 [internal citation omitted]). However, a defendant's right to seek dismissal of an action as abandoned may be waived (see OneWest Bank, FSB v Bernstein, 196 AD3d 591, 592). "A waiver is the voluntary abandonment or relinquishment of a known right" (CIT Group/Consumer Fin., Inc. v Kaiser, 206 AD3d 791, 793 [internal quotation marks omitted]). "A defendant may waive the right to seek dismissal pursuant to CPLR 3215(c) by serving an answer or taking 'any other steps which may be viewed as a formal or informal appearance'" (OneWest Bank, FSB v Bernstein, 196 AD3d at 592, quoting Myers v Slutsky, 139 AD2d 709, 711; see De Lourdes Torres v Jones, 26 NY3d 742, 771-772). Indeed, "'[t]he mere fact that the legislative intent underlying CPLR 3215(c) was to prevent . . . plaintiffs from unreasonably delaying the determination of an action . . . does not foreclose the possibility that a defendant may waive the right to seek a dismissal pursuant to the section by his or her conduct'" (Bank of Am., N.A. v Rice, 155 AD3d 593, 594, quoting Myers v Slutsky, 139 AD2d at 710).
Here, the defendants were not entitled to dismissal pursuant to CPLR 3215(c). Based on the terms of the stipulation, the defendants consented to the jurisdiction of the Supreme Court and expressly waived any defenses that they might have had, which necessarily included any right to obtain dismissal pursuant to CPLR 3215(c) for the plaintiff's failure to timely seek a default judgment (see OneWest Bank, FSB v Bernstein, 196 AD3d at 592). The defendants also agreed to the issuance of an order of reference and a judgment of foreclosure and sale. Therefore, the defendants waived any right they may have had to seek dismissal of this action as abandoned (see De Lourdes Torres v Jones, 26 NY3d at 771-772; OneWest Bank, FSB v Bernstein, 196 AD3d at 592; Sutter v Rosenbaum, 166 AD2d 644, 644-645).
Accordingly, the Supreme Court should have denied the defendants' cross-motion pursuant to CPLR 3215(c) to dismiss the complaint as abandoned and to cancel the notice of pendency. Since the court, in effect, denied, as academic, the plaintiff's motion, inter alia, for an order of reference based on its determination granting the defendants' cross-motion, we remit the matter to the Supreme Court, Richmond County, for a determination on the merits of the plaintiff's motion (see Chavez v Foley, 220 AD3d 651, 652; Deutsche Bank Natl. Trust Co. v Khalil, 208 AD3d 555, 558).
In light of our determination, we need not reach the plaintiff's remaining contentions.
DILLON, J.P., BRATHWAITE NELSON, FORD and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court