Deutsche Bank Natl. Trust Co. v Garriques (2025 NY Slip Op 00648)

Deutsche Bank Natl. Trust Co. v Garriques

2025 NY Slip Op 00648

Decided on February 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2022-08144
 (Index No. 706633/16)

[*1]Deutsche Bank National Trust Company, etc., appellant, 
v
Clinton Garriques, et al., respondents, et al., defendants.

Aldridge Pite, LLP, Melville, NY (Kenneth M. Sheehan of counsel), for appellant.
William J. Fallon, Rockville Centre, NY, for respondents.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Leonard Livote, J.), entered August 30, 2022. The order, insofar as appealed from, granted that branch of the motion of the defendants Clinton Garriques and Trevor Forde which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendants Clinton Garriques and Trevor Forde which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them is denied.
On January 22, 2007, the defendant Clinton Garriques executed a note in the amount of $480,000, secured by a mortgage encumbering certain real property located in Queens. In May 2016, the plaintiff commenced this action to foreclose the mortgage against Garriques and the defendant Trevor Forde (hereinafter together the defendants), among others. The defendants filed an untimely answer on December 9, 2016. Months after filing the answer, the defendants moved to vacate their default and to compel the plaintiff to accept their untimely answer. In an order dated January 10, 2018, the Supreme Court denied the defendants' motion. The defendants moved for leave to reargue their motion to vacate their default and to compel the plaintiff to accept their untimely answer, which the court denied in an order dated July 9, 2018. Thereafter, the plaintiff moved, inter alia, for an order of reference, which the defendants did not oppose. In an order entered October 17, 2019, the court granted the plaintiff's motion and issued an order of reference upon the defendants' default.
In November 2020, the defendants moved, among other things, pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them for failure to take proceedings for the entry of judgment within one year of the defendants' default or, in the alternative, to compel the plaintiff to accept the defendants' late answer. In an order entered August 30, 2022, the Supreme Court, among other things, granted that branch of the defendants' motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them. The plaintiff appeals.
Pursuant to CPLR 3215(c), "[a]n action is deemed abandoned where a default has occurred and a plaintiff has failed to take proceedings for the entry of a judgment within one year [*2]thereafter" (Christiana Trust v Victor, 224 AD3d 869, 872 [internal quotation marks omitted]). It is not necessary for a plaintiff to actually obtain a default judgment within one year of the default in order to avoid dismissal pursuant to CPLR 3215(c) (see Christiana Trust v Victor, 224 AD3d at 872). Nor is a plaintiff required to specifically seek the entry of a judgment within one year (see id.). As long as the plaintiff has initiated proceedings for the entry of a judgment within one year of the default, there is no basis for dismissal of the complaint pursuant to CPLR 3215(c) (see Christiana Trust v Victor, 224 AD3d at 872).
A defendant may waive the right to seek dismissal pursuant to CPLR 3215(c) by serving an answer or taking "'any other steps which may be viewed as a formal or informal appearance'" (Christiana Trust v Victor, 224 AD3d at 872, quoting Myers v Slutsky, 139 AD2d 709, 711). Here, the defendants waived their right to seek dismissal of the complaint insofar as asserted against them by serving an untimely answer in the action (see id.; Myers v Slutsky, 139 AD3d at 710).
Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them.
BARROS, J.P., FORD, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court