Cusumano v Riley Land Surveyors, LLP (2020 NY Slip Op 00537)





Cusumano v Riley Land Surveyors, LLP


2020 NY Slip Op 00537


Decided on January 28, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 28, 2020

Kapnick, J.P., Oing, Singh, Moulton, JJ.


10891N 100948/13

[*1] Charles Cusumano, et al., Plaintiffs-Respondents, 
v
Riley Land Surveyors, LLP, et al., Defendants, Northwoods Abstract, Ltd., Defendant-Appellant.


The Katsorhis Law Firm, P.C., Flushing (Jeffrey P. Brodsky of counsel), for appellant.
The Law Office of Joshua D. Spitalnik, P.C., Roslyn (Joshua D. Spitalnik of counsel), for respondents.



Order, Supreme Court, New York County (W. Franc Perry, J.), entered May 9, 2018, which granted plaintiff's motion to confirm the report and recommendation of the Special Referee finding, after a traverse hearing, that service of process commencing the action was properly made, and denied defendant Northwoods Abstract Ltd.'s motions to reject the Special Referee's report and recommendation and to vacate the default judgment entered against it, unanimously affirmed, without costs.
The summons with notice served on defendant met the requirements of CPLR 305(b) by stating that the action sought "to recover damages for contract damages and fraud" and that in the event of default a money judgment would be entered against defendant in the amount of $750,000 (see U.S. Bank N.A. v GreenPoint Mtge. Funding, Inc., 147 AD3d 79, 88 [1st Dept 2016], appeal withdrawn 32 NY3d 1123 [2018]; see also Rowell v Gould, Inc., 124 AD2d 995, 996 [4th Dept 1986]).
Defendant's argument that the summons is unclear as to whether the claims are asserted by one or both plaintiffs is unaccompanied by an explanation of the obstacle this presents to its preparing a defense, and is therefore unavailing. Also unavailing is defendant's argument that the transcript of the inquest throws the nature of plaintiffs' claims into confusion. The very brief discussion of the nature of the issues reflected in the transcript does not conflict with the statement in the summons with notice of the nature of the action and the relief sought.
Defendant is correct that non-attorney plaintiff Cusumano's appearance on behalf of plaintiff Soares (his significant other) as well as himself could be construed as the unauthorized practice of law (see e.g. People ex rel. Field v Cronshaw, 138 AD2d 765 [2d Dept 1988], appeal dismissed 72 NY2d 872 [1988]; Blunt v Northern Oneida County Landfill [NOCO], 145 AD2d 913, 914 [4th Dept 1988]). However, defendant failed to establish that this is a basis for disturbing the order on appeal, since, as defendant notes, the only action Cusumano took in the guise of acting as Soares's attorney was to sign the summons with notice; thereafter, he and Soares retained counsel.
Defendant failed to demonstrate a reasonable excuse for its default (see CPLR 5015[a][1]). Even assuming a misunderstanding between counsel and defendant's president Agruso as to who was handling the litigation, Agruso's failure to follow up with counsel in any respect, or to ensure that counsel received the email he claims to have sent in 2014 (of which there is no proof in the record) informing him that the insurer had declined to take the case, is not reasonable. Nor is defendant's failure to appear at the inquest reasonable. Although plaintiffs' counsel would not agree to an adjournment, defendant could have requested relief from the court, rather than wait until the conclusion of proceedings to seek to undo them.
In the absence of a reasonable excuse for the default, we need not determine whether defendant demonstrated a meritorious defense (Galaxy Gen. Contr. Corp v 2201 7th Ave. Realty LLC, 95 AD3d 789, 790 [1st Dept 2012]). Were we to do so, we would find that defendant failed to demonstrate a meritorious defense. Defendant argues that it lacked a contractual relationship with plaintiffs, and the record is unclear as to the scope of its obligations to plaintiffs. However, defendant does not deny that it was retained to perform services by plaintiffs' counsel, that, at closing, plaintiffs paid it $22,282 and that, in keeping with its role as liaison between plaintiffs and the surveyor, it remitted $1,485 of that amount to the surveyor.
Defendant failed to demonstrate that the default judgment should be vacated on the grounds of fraud, misrepresentation, or other misconduct, pursuant to CPLR 5015(a)(3).
To the extent defendant's arguments for rejecting the Special Referee's report and recommendation are directed to the Special Referee's credibility findings, we defer to those findings (see Terrastone Audubon, L.P. v Blair Ventures, LLC, 160 AD3d 526, 527-528 [1st Dept 2018]).
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 28, 2020
CLERK