HF Mgt. Servs., LLC v Dependable Care, LLC (2021 NY Slip Op 05459)





HF Mgt. Servs., LLC v Dependable Care, LLC


2021 NY Slip Op 05459


Decided on October 12, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 12, 2021

Before: Renwick, J.P., Kern, Oing, Mendez, Rodriguez, JJ. 


Index No. 652996/18 Appeal No. 14349-14349A Case No. 2021-00550 

[*1]HF Management Services, LLC, et al., Plaintiffs-Respondents,
v
Dependable Care, LLC Doing Business as Hopeton Care, et al., Defendants, Farrah Rubani Also Known as Farrah Mir, Defendant-Appellant.


Farrah Rubani, appellant pro se.
Sher Tremonte, LLP, New York (Allegra A. Noonan of counsel), for respondents.



Appeal from order, Supreme Court, New York County (Arlene P. Bluth, J.), entered on or about February 5, 2021, deemed an appeal from the judgment, same court and Justice, entered February 17, 2021, after inquest, awarding plaintiffs $10,547,044, plus statutory interest against defendant Farrah Rubani, and bringing up for review the February 5, 2021 order and an order, same court and Justice, entered on or about September 18, 2020, which denied defendant's motion to vacate her default, unanimously affirmed, with costs.
"It is well established that, by defaulting, a defendant admits all traversable allegations contained in the complaint, and thus concedes liability, although not damages" (Christian v Hasmet Mgt. Corp., 189 AD2d 597, 598[1st Dept 1993]). Contrary to defendant's arguments, it would have been improper for the court to re-open the issue of liability at inquest (see Consolidated Edison Co. of N.Y., Inc. v Metropolitan 47th LLC, 38 AD3d 392, 392 [1st Dept 2007]). The record here clearly shows that the court providently reviewed all the evidence before it when determining damages.
To the extent defendant contends that vacatur of her default should have been granted, the argument is unavailing. Under the circumstances here, the court providently determined that defendant failed to set forth a reasonable excuse for her failure to file an answer. The record shows that defendant was aware of this action, was afforded nine months to file an answer, and failed to keep herself apprised of the progress of this lawsuit. Inasmuch as defendant failed to demonstrate a reasonable excuse, the issue of whether she has a meritorious defense is academic (see Cusumano v Riley Land Surveyors, LLP, 179 AD3d 593, 594 [1st Dept 2020]).
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 12, 2021