HSBC Bank USA, N.A. v Ranasinghe (2021 NY Slip Op 06610)





HSBC Bank USA, N.A. v Ranasinghe


2021 NY Slip Op 06610


Decided on November 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.


2018-10346
 (Index No. 130754/13)

[*1]HSBC Bank USA, National Association, etc., respondent,
v
Irene Ranasinghe, appellant, et al., defendants.


Bhatia & Associates PLLC, New York, NY (Satish K. Bhatia of counsel), for appellant.
McCabe, Weisberg & Conway, LLC, Melville, NY (Kenneth Britt and Greenberg Traurig, LLP [Leah N. Jacob and Patrick G. Broderick], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Irene Ranasinghe appeals from an order of the Supreme Court, Richmond County (Desmond A. Green, J.), dated May 16, 2018. The order denied that defendant's motion pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her as abandoned.
ORDERED that the order is affirmed, with costs.
On July 15, 2013, the plaintiff commenced this action to foreclose a mortgage encumbering certain real property owned by the defendant Irene Ranasinghe (hereinafter the defendant) in Staten Island. In August 2013, the defendant moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her, inter alia, based on the plaintiff's lack of standing. The Supreme Court referred the matter to a referee, who determined, after a hearing, that the plaintiff had standing to foreclose. The defendant moved to set aside the referee's determination. On June 25, 2015, the court denied the defendant's motions to dismiss and to set aside the referee's determination, and directed the plaintiff to proceed with the foreclosure.
In February 2017, the plaintiff moved, inter alia, in effect, for leave to enter a default judgment and for an order of reference. The defendant opposed the motion and cross-moved for a declaration that she was not in default and for leave to file a late answer. In an order dated May 15, 2018, the Supreme Court granted the plaintiff's motion and denied the defendant's cross motion.
In April 2018, while the plaintiff's motion and the defendant's cross motion were still pending, the defendant moved pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her as abandoned. In an order dated May 16, 2018, the Supreme Court denied the defendant's motion, and the defendant appeals.
CPLR 3215(c) provides, in pertinent part, that "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed." "A defendant [*2]may waive the right to seek dismissal pursuant to CPLR 3215(c) by serving an answer or taking any other steps which may be viewed as a formal or informal appearance" (Bank of Am., N.A. v Lichter, 192 AD3d 957, 957 [internal quotation marks omitted]; see OneWest Bank, FSB v Lara, 192 AD3d 695, 697; U.S. Rof III Legal Tit. Trust 2015-1 v John, 189 AD3d 1645, 1650).
Here, the defendant waived the right to seek dismissal pursuant to CPLR 3215(c) by cross-moving for a declaration that she was not in default and for leave to file a late answer, without seeking to dismiss the complaint pursuant to CPLR 3215(c) as abandoned at that time (see OneWest Bank, FSB v Bernstein, 196 AD3d 591; Bank of Am., N.A. v Lichter, 192 AD3d 957; Deutsche Bank Natl. Trust Co. v Abrahim, 183 AD3d 698; Myers v Slutsky, 139 AD2d 709, 710). Accordingly, the court properly denied the defendant's motion pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her as abandoned.
The defendant's remaining contentions are not properly before this Court.
DILLON, J.P., IANNACCI, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court