FX Funding LLC v Fox RX Inc. (2022 NY Slip Op 00271)





FX Funding LLC v Fox RX Inc.


2022 NY Slip Op 00271


Decided on January 18, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 18, 2022

Before: Manzanet-Daniels, J.P., Gische, Kern, Mazzarelli, Gesmer, JJ. 


Index No. 656779/16 Appeal No. 15105 Case No. 2021-02488 

[*1]FX Funding LLC, Plaintiff-Respondent-Appellant,
v
Fox RX Inc. et al., Defendants-Appellants-Respondents.


Law Office of Harriette N. Boxer, Bay Shore (Harriette N. Boxer of counsel), for appellants-respondents.
Law Office of Sheldon H. Gopstein, New York (Sheldon H. Gopstein of counsel), for respondent-appellant.



Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered July 2, 2021, which, to the extent appealed from, denied defendants' motion to dismiss this breach of contract action as against the individual defendants, and denied plaintiff's cross motion for sanctions, unanimously affirmed, with costs.
The amended complaint, supplemented by the affidavit submitted in opposition to defendants' motion, contains allegations sufficient to allege at this stage of the litigation that the individual defendants may be personally liable under a veil-piercing theory. The amended complaint alleges that the individual defendants "exercised complete domination of the corporation in respect to the transaction attacked" and "such domination was used to commit a fraud or wrong . . . which resulted in plaintiff's injury" (Cortlandt St. Recovery Corp. v Bonderman, 31 NY3d 30, 47 [2018], quoting Conason v Megan Holding, LLC, 25 NY3d 1, 18 [2015]; see Tap Holdings, LLC v Orix Fin. Corp., 109 AD3d 167, 174-175 [1st Dept 2013]). The amended complaint also alleges, more specifically, that the individual defendants disregarded corporate formalities, intermingled corporate and personal funds, used loan proceeds for personal matters rather than corporate uses, and undercapitalized the corporation. In addition, according to an affidavit submitted by plaintiff's managing member in opposition to defendants' motion to dismiss, the managing member had conversations with individual defendant Dr. Dipak Nandi in which Nandi had stated that he alone ran corporate defendant Fox RX, Inc., that individual defendant Dr. Reena Nandi was an officer in name only, and that he had used loan proceeds to service his personal mortgages on two Long Island homes and to pay personal tax bills. The factual allegations in the amended complaint and the affidavit, taken together, sufficiently support plaintiff's claim that the individual defendants are liable (see Cortlandt St. Recovery Corp., 31 NY3d at 48).
Supreme Court providently denied plaintiff's cross motion for sanctions. Plaintiff failed to point to conduct that was "completely without merit in law," or "undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another" (22 NYCRR 130-1.1[c][1], [2]). To the extent that the challenged conduct involved "material factual statements that are false" (22 NYCRR 130-1.1[c][3]), there was evidence in prior motion practice to support the individual defendants' assertions,
thus supporting Supreme Court's finding that discretionary sanctions were unwarranted (22 NYCRR 130-1.1[a], [b]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 18, 2022