Mortgage Elec. Registration Sys., Inc. v McVicar (2022 NY Slip Op 01783)





Mortgage Elec. Registration Sys., Inc. v McVicar


2022 NY Slip Op 01783


Decided on March 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
LARA J. GENOVESI, JJ.


2018-04837
 (Index No. 2788/04)

[*1]Mortgage Electronic Registration Systems, Inc., etc., respondent, 
v
John P. McVicar, etc., appellant, et al., defendant (and a third-party action).


John P. McVicar, East Hampton, NY, appellant pro se.
Davidson Fink, LLP, Rochester, NY (Richard N. Franco of counsel), for respondent.



DECISION & ORDER
In an action to foreclosure a mortgage, the defendant John P. McVicar appeals from an order of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated March 1, 2018. The order, insofar as appealed from, denied that branch of that defendant's motion which was pursuant to 22 NYCRR 130-1.1 for an award of attorneys' fees and expenses and the imposition of sanctions against the attorneys for the plaintiff.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The factual background of this case is set forth in this Court's decision and order on a related appeal (see Mortgage Electronic Registration Systems, Inc. v McVicar, ___ AD3d ___ [Appellate Division Docket No. 2018-04836; decided herewith]). In October 2016, the defendant John P. McVicar (hereinafter the defendant) moved, inter alia, pursuant to 22 NYCRR 130-1.1 for an award of attorneys' fees and expenses and the imposition of sanctions against the attorneys for the plaintiff. The defendant contended, among other things, that the attorneys for the plaintiff made false statements in their affirmations submitted in connection with prior motions regarding the plaintiff's alleged compliance with CPLR 3408, the procedural history of the case, and the service of certain motion papers upon the defendant at his residence. By order dated March 1, 2018, the Supreme Court, inter alia, denied that branch of the defendant's motion which was pursuant to 22 NYCRR 130-1.1 for an award of attorneys' fees and expenses and the imposition of sanctions against the attorneys for the plaintiff. The defendant appeals.
The Supreme Court providently exercised its discretion in denying that branch of the defendant's motion which was pursuant to 22 NYCRR 130-1.1 for an award of attorneys' fees and expenses and the imposition of sanctions against the attorneys for the plaintiff. The defendant failed to establish that certain statements in the affirmations of the plaintiff's attorneys related to the plaintiff's alleged compliance with CPLR 3408 and the recitation of the procedural history of this case were materially false (see Mortgage Electronic Registration Systems, Inc. v McVicar, ___ AD3d ___ [Appellate Division Docket No. 2018-04836; decided herewith]; FX Funding, LLC v Fox RX, Inc., ___ AD3d ___, ___, 2022 NY Slip Op 00271, *1 [1st Dept]; Deutsche Bank Natl. Trust Co. v Homar, 163 AD3d 522, 524). Further, the alleged incorrect statements in the affirmations regarding service at the defendant's residence appeared to have been inadvertent (see Matter of [*2]Massena Mem. Hosp. [Civ. Serv. Empls. Assn., Local 1000, Unit 8415], 300 AD2d 889, 891).
In light of our determination, we need not reach the plaintiff's remaining contention.
CONNOLLY, J.P., CHAMBERS, ROMAN and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court