Mortgage Elec. Registration Sys., Inc. v McVicar (2022 NY Slip Op 01782)





Mortgage Elec. Registration Sys., Inc. v McVicar


2022 NY Slip Op 01782


Decided on March 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
LARA J. GENOVESI, JJ.


2018-04836
 (Index No. 2788/04)

[*1]Mortgage Electronic Registration Systems, Inc., etc., respondent, 
v
John P. McVicar, etc., appellant, et al., defendant (and a third-party action).


John P. McVicar, East Hampton, NY, appellant pro se.
Davidson Fink, LLP, Rochester, NY (Richard N. Franco of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant John P. McVicar appeals from an order of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated March 1, 2018. The order, insofar as appealed from, denied those branches of that defendant's motion which were pursuant to CPLR 3215(c) to dismiss the complaint as abandoned and pursuant to 22 NYCRR 130-1.1 for an award of attorneys' fees and the imposition of sanctions against the attorneys for the plaintiff.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2004, the plaintiff commenced this action to foreclose a mortgage encumbering certain real property owned by the defendant John P. McVicar (hereinafter the defendant) in East Hampton. The defendant failed to timely answer the complaint. In June 2016, the defendant moved, inter alia, pursuant to CPLR 3215(c) to dismiss the complaint based on the plaintiff's failure to move for leave to enter a default judgment within one year of his default and pursuant to 22 NYCRR 130-1.1 for an award of attorneys' fees and the imposition of sanctions against the attorneys for the plaintiff. By order dated March 1, 2018, the Supreme Court, inter alia, denied those branches of the defendant's motion. The defendant appeals.
The Supreme Court properly denied that branch of the defendant's motion which was pursuant to CPLR 3215(c) to dismiss the complaint as abandoned. A defendant may waive the right to seek dismissal pursuant to CPLR 3215(c) by taking any steps which may be viewed as a formal or informal appearance (see De Lourdes Torres v Jones, 26 NY3d 742, 771-772; OneWest Bank, FSB v Bernstein, 196 AD3d 591, 592; Bank of Am., N.A. v Rice, 155 AD3d 593, 594; Myers v Slutsky, 139 AD2d 709, 711). Here, the record demonstrates that the defendant took numerous steps throughout this action which may be viewed as formal or informal appearances (see HSBC Bank USA, N.A. v Ranasinghe, 199 AD3d 993, 994; Bank of Am., N.A. v Rice, 155 AD3d at 594; Myers v Slutsky, 139 AD2d at 711).
In any event, that branch of the defendant's motion which was to dismiss the complaint pursuant to CPLR 3215(c) was properly denied on the additional ground that the plaintiff did, in fact, take proceedings within one year of the defendant's default in answering, manifesting [*2]an intent not to abandon the case but to seek judgment (see Citibank, N.A. v Kerszko, ___ AD3d ___, ___, 2022 NY Slip Op 00032, *3 [2d Dept]; Deutsche Bank Natl. Trust Co. v Attard, 197 AD3d 619, 620-621). The requirements of CPLR 3215(c) are satisfied when, within one year of a defendant's default, a plaintiff takes the preliminary step toward obtaining a default judgment of foreclosure and sale by moving for an order of reference pursuant to RPAPL 1321 (see Deutsche Bank Natl. Trust Co. v Delisser, 161 AD3d 942, 943). Here, the plaintiff moved for leave to enter a default judgment and order of reference within one year of the defendant's default in answering the complaint and, thus, did not abandon the action (see Deutsche Bank Natl. Trust Co. v Delisser, 161 AD3d at 943). Contrary to the defendant's contentions, it does not matter that the order granting the plaintiff's motion for a default judgment and order of reference was later vacated, or that the plaintiff allegedly did not properly serve the defendant with a copy of the motion (see Citibank, N.A. v Kerszko, ___ AD3d at ___, 2022 NY Slip Op 00032, *3; Federal Natl. Mtge. Assn. v Edmund-Henry, 188 AD3d 652, 654).
The Supreme Court providently exercised its discretion in denying that branch of the defendant's motion which was pursuant to 22 NYCRR 130-1.1 for an award of an attorneys' fees and the imposition of sanctions against the attorneys for the plaintiff (see Deutsche Bank Natl. Trust Co. v Homar, 163 AD3d 522, 524). The defendant failed to establish that certain statements in the affirmations of the plaintiff's attorneys related to the plaintiff's alleged compliance with CPLR 3408 were materially false (see FX Funding, LLC v Fox RX, Inc., ___ AD3d ___, ___, 2022 NY Slip Op 00271, *1 [1st Dept]; Deutsche Bank Natl. Trust Co. v Homar, 163 AD3d at 524).
The defendant's remaining contention is without merit.
CONNOLLY, J.P., CHAMBERS, ROMAN and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court