Bank of N.Y. Mellon v Gaston (2025 NY Slip Op 04864)

Bank of N.Y. Mellon v Gaston

2025 NY Slip Op 04864

Decided on September 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2022-04535
2022-08518
2022-09943
2023-01192
 (Index No. 720227/20)

[*1]Bank of New York Mellon, etc., respondent,
v
Valerie Gaston, appellant, et al., defendants.

The Law Office of Alexander Paykin, P.C., New York, NY (Robert Hawkins of counsel), for appellant.
Hill Wallack, LLP, New York, NY (Michael C. Manniello of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Valerie Gaston appeals from (1) an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), dated May 12, 2022, (2) an order of the same court dated August 25, 2022, (3) an order of the same court dated October 31, 2022, and (4) an order of the same court dated December 15, 2022. The order dated May 12, 2022, insofar as appealed from, granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendants Valerie Gaston and James S. Hawkins-El III and for an order of reference and appointed a referee to compute the amount due on the note. The order dated August 25, 2022, denied those defendants' motion pursuant to CPLR 5015(a) to vacate their default in answering the complaint and for leave to interpose a late answer and those defendants' separate motion pursuant to 22 NYCRR 202.48 to vacate an order of the same court dated January 22, 2020, inter alia, granting those branches of the plaintiff's motion which were for leave to enter a default judgment against them and for an order of reference, and pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them as abandoned. The order dated October 31, 2022, denied those defendants' motion for leave to renew and reargue their opposition to those branches of the plaintiff's prior motion which were for leave to enter a default judgment against them and for an order of reference. The order dated December 15, 2022, denied those defendants' motion for leave to renew and reargue their prior motion pursuant to CPLR 5015(a) to vacate their default in answering the complaint and for leave to interpose a late answer.
ORDERED that the appeal from so much of the order dated October 31, 2022, as denied that branch of the motion of the defendants Valerie Gaston and James S. Hawkins-El III which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the appeal from so much of the order dated December 15, 2022, as denied that branch of the motion of the defendants Valerie Gaston and James S. Hawkins-El III which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and [*2]it is further,
ORDERED that the order dated May 12, 2022, is affirmed insofar as appealed from; and it is further,
ORDERED that the order dated August 25, 2022, is affirmed; and it is further,
ORDERED that the order dated October 31, 2022, is affirmed insofar as reviewed; and it is further,
ORDERED that the order dated December 15, 2022, is affirmed insofar as reviewed;
and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In March 2013, the plaintiff commenced this action against the defendants Valerie Gaston and James S. Hawkins-El III (hereinafter together the defendants), among others, to foreclose a mortgage encumbering certain real property located in Queens. In an order dated December 10, 2013, the Supreme Court denied the defendants' pre-answer motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them on the ground that the plaintiff lacked standing. The defendants thereafter failed to answer the complaint.
In November 2018, the plaintiff moved, inter alia, for leave to enter a default judgment against the defendants and for an order of reference. In support of the motion, the plaintiff submitted affidavits of service, averring that both defendants were served with the summons and complaint by substituted service pursuant to CPLR 308(2). Both affidavits of service were filed on April 26, 2013. The defendants opposed the motion but did not raise lack of personal jurisdiction as a defense, nor did they argue that the plaintiff abandoned the action pursuant to CPLR 3215(c). In an order dated January 22, 2020 (hereinafter the January 2020 order), the Supreme Court, among other things, granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendants and for an order of reference.
The defendants moved pursuant to CPLR 5015(a) to vacate their default in answering the complaint and for leave to interpose a late answer. They alleged, inter alia, that they were not properly served with the summons and complaint. The plaintiff opposed the motion.
While the defendants' motion, among other things, to vacate their default in answering the complaint was pending, they also moved pursuant to 22 NYCRR 202.48 to vacate the January 2020 order and pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them as abandoned. The plaintiff opposed the motion.
In an order dated May 12, 2022, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendants and for an order of reference and appointed a referee to compute the amount due on the note.
In an order dated August 25, 2022, the Supreme Court denied the defendants' motion to vacate their default in answering the complaint and for leave to interpose a late answer and their separate motion to vacate the January 2020 order and to dismiss the complaint insofar as asserted against them as abandoned.
Thereafter, the defendants moved, among other things, for leave to renew their opposition to those branches of the plaintiff's prior motion which were for leave to enter a default judgment against them and for an order of reference (hereinafter the first renewal motion). While the first renewal motion was pending, the defendants also moved, inter alia, for leave to renew their prior motion pursuant to CPLR 5015(a) to vacate their default in answering the complaint and for leave to interpose a late answer (hereinafter the second renewal motion). In an order dated October 31, 2022, the Supreme Court denied the first renewal motion. In an order dated December 15, 2022, [*3]the court denied the second renewal motion.
The defendants appeal from so much of the order dated May 12, 2022, as granted those branches of the plaintiff's motion which were for leave to enter a default judgment against them and for an order of reference, and the orders dated August 15, 2022, October 31, 2022, and December 15, 2022.
During the pendency of these appeals, Hawkins-El died, and Gaston, as the administrator of his estate, was substituted for him.
The Supreme Court properly granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendants and for an order of reference. On a motion pursuant to CPLR 3215 for leave to enter a default judgment, a plaintiff is required to submit proof of service of the summons and complaint, "proof of the facts constituting the claim," and proof of the defendant's default in answering or appearing (CPLR 3215[f]; see Pemberton v Montoya, 216 AD3d 988, 989). Here, the plaintiff met its burden of establishing that the defendants had defaulted in answering the complaint.
The Supreme Court properly denied that branch of the defendants' motion which was to vacate their default in answering the complaint pursuant to CPLR 5015(a)(4). "An appearance by a defendant in an action is deemed to be the equivalent of personal service of a summons upon him [or her], and therefore confers personal jurisdiction over him [or her], unless he [or she] asserts an objection to jurisdiction either by way of motion or in his [or her] answer" (Skyline Agency, Inc. v Coppotelli, 117 AD2d 135, 140; see CPLR 320). Here, when the defendants made a pre-answer motion to dismiss the complaint on the ground that the plaintiff lacked standing, they failed to raise lack of personal jurisdiction as a defense. The defendants also opposed the plaintiff's motion, among other things, for leave to enter a default judgment against them without raising lack of personal jurisdiction as a defense. Thus, the court properly concluded that the defendants waived the defense of lack of personal jurisdiction (see NYCTL 1996-1 Trust v 5200 Enters. Ltd., 219 AD3d 617, 618-619).
The defendants also failed to establish entitlement to vacatur of their default in answering the complaint pursuant to CPLR 5015(a)(1). A party seeking to vacate his or her default in answering the complaint pursuant to CPLR 5015(a)(1) must demonstrate both a reasonable excuse for the default and a potentially meritorious defense to the action (see Deutsche Bank Natl. Trust Co. v Hossain, 187 AD3d 986, 987). Here, the defendants failed to proffer a reasonable excuse for their default. The assumption by the defendants' attorney that the defendants had elected to proceed pro se, without the defendants informing their counsel of their intent and without any attempt to follow up with the defendants, was not reasonable (see Cusumano v Riley Land Surveyors, LLP, 179 AD3d 593, 594). Since the defendants failed to demonstrate a reasonable excuse for their default, this Court need not consider whether the defendants demonstrated the existence of any potentially meritorious defenses to the action (see HSBC Bank USA, N.A. v Scivoletti, 212 AD3d 600, 602).
Contrary to Gaston's contention, the Supreme Court properly denied that branch of the defendants' motion which was pursuant to 22 NYCRR 202.48 to vacate the January 2020 order. "Proposed orders or judgments, with proof of service on all parties where the order is directed to be settled or submitted on notice, must be submitted for signature, unless otherwise directed by the court, within 60 days after the signing and filing of a decision directing the order to be settled or submitted" (22 NYCRR 202.48[a]). "Failure to submit the order or judgment timely shall be deemed an abandonment of the motion or action, unless for good cause shown" (id. § 202.48[b]). However, "22 NYCRR 202.48 does not apply where the court merely directs a party to submit an order or judgment without expressly directing that the order or judgment be submitted on notice" (Deutsche Bank Natl. Trust Co. v Musheyev, 203 AD3d 1027, 1029). Here, since the January 2020 order did not require that it be settled or submitted on notice, the plaintiff was not required to comply with 22 NYCRR 202.48 (see U.S. Bank Trust, N.A. v Rahman, 218 AD3d 626, 627).
The Supreme Court properly denied that branch of the defendants' motion which was [*4]pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them as abandoned. A defendant may waive the right to seek dismissal pursuant to CPLR 3215(c) by serving an answer or taking "any other steps which may be viewed as a formal or informal appearance" (Myers v Slutsky, 139 AD2d 709, 711). Here, the defendants waived the right to seek dismissal of the complaint pursuant to CPLR 3215(c) by opposing the plaintiff's motion, among other things, for leave to enter a default judgment against them and moving pursuant to CPLR 5015(a) to vacate their default, without seeking to dismiss the complaint pursuant to CPLR 3215(c) (see HSBC Bank USA, N.A. v Ranasinghe, 199 AD3d 993).
Gaston's contentions that the plaintiff failed to comply with RPAPL 1304, that the plaintiff lacked standing, and that the plaintiff allegedly entered into a loan modification agreement are all nonjurisdictional defenses and, thus, are precluded by the defendants' failure to vacate their default in answering the complaint (see Ditech Financial, LLC v Howell, 201 AD3d 786, 788).
The Supreme Court properly denied those branches of the first renewal motion and of the second renewal motion which were for leave to renew. The defendants failed to submit new facts not offered on the prior motions that would have changed the prior determinations, and they also failed to demonstrate that there had been a change in the law that would have changed the prior determinations (see CPLR 2221[e]).
DUFFY, J.P., MILLER, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court