Parkchester Preserv. Co. LP v Frederick (2026 NY Slip Op 50150(U))

[*1]

Parkchester Preserv. Co. LP v Frederick

2026 NY Slip Op 50150(U)

Decided on February 9, 2026

Civil Court Of The City Of New York, Bronx County

Guglielmo, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 9, 2026
Civil Court of the City of New York, Bronx County

Parkchester Preservation Company LP, Plaintiff,

againstChristina Frederick, Defendant.

Index No. CV-006320-23/BX

Dawn Guglielmo, J.

Recitation, as required by CPLR 2219 (a), of the papers considered in review of this motion to vacate a default judgment and restore the action to the calendar (Motion Seq. 4):
Sequence No. 4 Doc. Nos.Notice of Motion, Affidavit in Support, and Affirmation of Service 1Affidavit in Opposition and Exhibits 2Upon the foregoing cited papers and due deliberation, the motion of defendant, Christina Frederick (hereinafter "defendant"), seeking to vacate the default judgment as against defendant, and restore this action to the calendar, pursuant to CPLR 5015 is hereby denied, for the reasons discussed infra.
Parkchester Preservation Company LP (hereinafter "plaintiff") commenced the underlying action with the filing of a summons and complaint seeking a judgment against defendant in the amount of $19,957.52 with interest based upon allegations that defendant accrued a balance of unpaid rent from the months of November 2021 through and including September 2022. On January 22, 2025, a default judgment was entered by the Clerk of the Court in the amount of $20,662.11 in favor of the plaintiff.
On March 25, 2025, defendant filed a motion to vacate the January 22, 2025 default judgment, which was rejected for a procedural defect. On October 2, 2025, defendant filed another motion via an Order to Show Cause moving to vacate the default judgment, which was denied via Decision and Order issued by the Hon. Escano-Bell on November 19, 2025, due to the defendant's failure to serve such on plaintiff.
On November 20, 2025, defendant filed the instant motion to vacate the January 22, 2025 default judgment against defendant on the basis that she did not realize the underlying preceding was a legitimate legal action. Specifically, defendant claims to have received the summons and complaint in the summer of 2023 and, following an unsuccessful online search, defendant concluded the notice was a "fake bluff legal action by a creditor which was not actually filed in court". Additionally, defendant claims that she realized the action was "real" after learning about the January 22, 2025 judgment and that she believes "the amount claimed to be owed is incorrect."
In opposition, plaintiff contends that defendant lacks a reasonable excuse because defendant was aware of the proceeding and the debt; and that defendant failed to provide a meritorious defense. In support, plaintiff attaches a lease agreement signed by defendant to rent 1527 Metropolitan Avenue, Apt 7I, Bronx, New York 10462 (hereinafter "the subject premises") for a one-year term starting on February 1, 2021 and ending on January 31, 2022. Plaintiff asserts that defendant failed to surrender the apartment keys at the end of the lease term; that plaintiff commenced a holdover proceeding to regain possession of the subject premises; and that after commencement of the holdover proceeding, defendant notified plaintiff in September 2022, that defendant had vacated the subject premises. In addition, plaintiff asserts that their counsel sent three demand letters to defendant's current address at XXXXX on January 17, 2023, February 2, 2023, and April 18, 2023 and that none of the mailings were returned to plaintiff's counsel as undeliverable. Furthermore, plaintiff asserts that defendant never contacted plaintiff or plaintiff's counsel to confirm her belief that the summons and complaint was "fake".
A party may be relieved from a judgment on the ground of "excusable default" (CPLR 5015 [a] [1]). "A defendant seeking to vacate a default under this provision must demonstrate a reasonable excuse for its delay in appearing and answering the complaint and a meritorious defense to the action" (see Eugene Di Lorenzo Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]). The determination of whether a reasonable excuse and meritorious defense have been demonstrated lies within the discretion of the motion court (see Goldman v Cotter, 10 AD3d 289, 291 [1st Dept 2004]). The Court's determination of a reasonable excuse must be based on all relevant factors, among which include "the length of the delay chargeable to the movant, whether the opposing party has been prejudiced, whether the default was willful, and the strong public policy favoring the resolution of cases on the merits" (see Chevalier v 368 E. 148TH St. Assoc. LLC, 80 AD3d 411, 413-414 [1st Dept 2011]).
While the reasonable excuse determination is discretionary, a defendant's contention of misunderstanding, absent a showing of diligent inquiry, fails to satisfy the requirement of a reasonable excuse (see Charles Cusumano v Riley Land Surveyors LLP, 179 AD3d 593, 594 [1st Dept 2020] [finding defendant's reasonable excuse of a misunderstanding about his legal representation failed when defendant neglected to offer evidence that he requested the attorney handle the matter, or follow up with counsel regarding the legal matter]). Additionally, the reasonable excuse inquiry can be influenced by the amount of correspondence the defendant received about the legal proceeding (see Gecaj v Gjonaj Realty & Mgt. Corp., 149 AD3d 600 [1st Dept 2017] [finding defendant's belief that he need not appear in court was unreasonable considering he was in receipt of various court documents relating to the matter over the course of three years]).
In the instant matter, defendant was in receipt of three (3) demand letters regarding the debt, and thus knew plaintiff was trying to recover the debt. Defendant was also in a prior legal proceeding with plaintiff and has seen official court correspondence documents. Yet, upon receipt of the summons and complaint, which referenced plaintiff and the debt from the demand letters, defendant did not contact plaintiff or plaintiff's counsel. Rather, defendant ended her inquiry into the validity of the action after a single unsuccessful online search of which no precise details were provided by defendant. Such efforts do not constitute a diligent inquiry into the validity of the complaint. Considering that defendant admits receipt of the summons and complaint; the summons and complaint were not defendant's first correspondence regarding the debt; and that defendant failed to execute a proper inquiry into the validity of the summons and [*2]complaint, the court finds defendant's contention that she believed the summons and complaint represented a "fake" legal action does not constitute a reasonable excuse.
"In the absence of a reasonable excuse for a default, a court deciding a defendant's motion to vacate a default judgment need not determine whether the defendant demonstrated a meritorious defense" (see Cusumano at 594).
Accordingly, it is hereby
ORDERED that the motion by defendant, CHRISTINA FREDERICK, seeking to vacate the default judgment in favor of plaintiff, PARKCHESTER PRESERVATION COMPANY, LP, pursuant to CPLR 5015, is heretofore denied; And it is further
This constitutes the Decision and Order of the Court. 
Dated: February 9, 2026